**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**LUIS ALBERTO MENDOZA MOZA #A241-062-021** — **CASE NO. 1:26-CV-01428 SEC P**

**VERSUS** — **JUDGE EDWARDS**

**D C COLE** — **MAGISTRATE JUDGE DAVID J. AYO**

## REPORT AND RECOMMENDATION

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by Petitioner Luis Alberto Mendoza Moza ("Mendoza Moza"). At the time of filing, Mendoza Moza was an immigration detainee at the La Salle ICE Processing Center in Jena, Louisiana.

Because Mendoza Moza was removed, the PETITION [Doc. 1] should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Background

Mendoza Moza was ordered removed to El Salvador. [Doc. 11-2]. On April 30, 2026, the Board of Immigration Appeals affirmed the decision. [Doc. 11-3]. According to the sworn declaration of Assistant Field Office Director Matthew W. Reaves, Mendoza Moza was removed to El Salvador by charter flight on May 28, 2026. [Doc. 11-4].

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

An alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

## III. <u>Conclusion</u>

Because Mendoza Moza was removed, IT IS RECOMMENDED that the PETITION [Doc. 1] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 16th day of September, 2026.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE